Lamar KILES; Lamareon Kiles; Sherita Thomas–McDade, Plaintiffs–Appellees,

v.

CITY OF NORTH LAS VEGAS; North Las Vegas Police Department, Defendants,

and

Robinson Reed, Defendant–Appellant.

No. 06–16420.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 2008.

Filed May 1, 2008.

E. Brent Bryson, Esq., E. Brent Bryson Ltd., Arthur L. Williams, Jr., Esq., Las Vegas, NV, for Plaintiffs–Appellees.

E. Breen Arntz, Esq., Benson Bertoldo Baker Chtd., Henderson, NV, for Defendant.

Law Offices of Robert W. Freeman, Ltd., Henderson, NV, for Defendant–Appellant.

Before: TROTT and THOMAS, Circuit Judges, and HOGAN *, District Judge.

## MEMORANDUM **

Robinson Reed appeals the district court's denial of qualified immunity in this Section 1983 excessive force suit. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

To determine whether a government employee is entitled to qualified immunity, we apply the familiar two-part test set forth by the Supreme Court in *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). First, we must determine whether, viewing the evidence in the light most favorable to the plaintiffs, Reed violated Kiles' constitutional rights. *Id.* If we determine that a constitutional violation has occurred, we must then determine whether Kiles' rights were clearly established at the time of the violation. *Id.*

Construing the facts in the light most favorable to the plaintiffs, we agree with the district court that triable issues of material fact exist as to whether Reed used excessive force in violation of the Fourth Amendment. The victim claims that he obeyed Officer Reed's instruction to stop. The victim denies that he made any "furtive movement" towards his waist, a claim that is also supported by the other officer at the scene. The other officer at the scene testified that there was nothing in the victim's behavior that would have justified the use of deadly force. Officer Reed did not give any verbal warnings before shooting.

Officer Reed provided contradictory accounts of the shooting. He first told another officer that he thought that his gun had accidently discharged. He next told investigating officers that he didn't remember pulling the trigger. His final story is that he took deliberate action in response to the victim's "furtive movement" toward his waist.

There is scant objective evidence to support Reed's concern that Kiles was armed or otherwise "pose[d] a significant threat of death or serious physical injury to the officer or others." *Tennessee v. Garner*, 471 U.S. 1, 3, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). We have only his contradictory statements to support his subjective beliefs. Therefore, viewing the evidence in the light most favorable to the plaintiffs, the district court properly concluded that there were triable factual issues as to whether Reed used excessive force.

The second step in qualified immunity analysis is whether the constitutional right at issue was clearly established at the time of the violation. A constitutional right is clearly established when "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202, 121 S.Ct. 2151. In the context of excessive force claims, the Supreme Court has held that qualified immunity serves "to protect officers from the sometimes 'hazy border between excessive and acceptable force,' and to ensure that before they are subjected to suit,

---

* The Honorable Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

officers are on notice their conduct is unlawful." *Id.* at 206, 121 S.Ct. 2151 (internal citation omitted).

Viewing the evidence in the light most favorable to the plaintiffs, Reed shot an unarmed individual who had stopped advancing towards him and did not make any threatening movements. Under these circumstances, it would be "apparent" to a reasonable officer that Kiles did not pose a significant threat and that it was unlawful to shoot him. *See Hope v. Pelzer,* 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (citing *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). It is well-established in the case law that an officer may not use deadly force against an unarmed and non-dangerous individual. *Garner,* 471 U.S. at 11, 105 S.Ct. 1694.

In sum, applying the appropriate standards of review at this stage, we conclude that the district court correctly denied the motion for qualified immunity.

**AFFIRMED.**